IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KASHEA WILLIAMS,

    Plaintiff,

    v.

UNITED VAN LINES, LLC et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:22-CV-628-TWT

**OPINION AND ORDER**

This is a personal injury action. It is before the Court on the Defendants' Motion for Summary Judgment [Doc. 74], the Defendants Corrigan Worldwide, Inc. and Corrigan Moving & Storage Co. ("Corrigan Defendants")'s Motion for Summary Judgment [Doc. 75], and the Defendants' Motion for Sanctions [Doc. 76]. For the reasons set forth below, the Defendants' Motion for Summary Judgment [Doc. 74] is GRANTED in part and DENIED in part; the Corrigan Defendants' Motion for Summary Judgment [Doc. 75] is GRANTED; and the Defendants' Motion for Sanctions [Doc. 76] is DENIED.

### I. Background[1]

This case arises from an alleged collision on Interstate-75/85 in downtown Atlanta between a car driven by the Plaintiff Kaesha Williams and

---

[1] The operative facts on the Motions for Summary Judgment are taken from the parties' Statements of Undisputed Material Facts and the responses thereto. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B).

a tractor-trailer truck driven by the Defendant Nicholas Hansen. (Defs.' Statement of Undisputed Material Facts ¶¶ 1, 4). Williams alleges that the Corrigan Defendants and the Defendant United Van Lines, LLC ("UVL"), in some unspecified dual capacity, employed Hansen and owned the truck that he drove at the time of the alleged collision. (Am. Compl. ¶ 5). Williams states that while she was driving in heavy traffic on January 28, 2021, Hansen's truck came into her lane and struck the driver's side mirror of her car. (Pl.'s Resp. to Defs.' Statement of Undisputed Material Facts ¶¶ 2, 7). She claims that she felt her car shaking and vibrating and that when she looked out her window she saw the truck "trying to move off of [her] car." (*Id.* ¶ 7). After the alleged collision, Williams attempted to get Hansen's attention so he would pull over the truck to assess any damage, but she was unsuccessful in getting Hansen to stop. (Defs.' Statement of Undisputed Material Facts ¶ 18). Williams then called the police who came to meet her, and she filed a police report. (*Id.*). She also took a photograph of the alleged damage to her car. (Doc. 77-4).

Following the alleged collision, a prior attorney for Williams sent a letter to UVL requesting that it preserve any video camera footage or reports related to the incident. (*See* Doc. 77-2). On March 9, 2021, an attorney for UVL responded to the Plaintiff's letter acknowledging receipt and stating that UVL would be taking no action regarding the correspondence because the police report provided did not identify UVL or any other related party as being involved in the crash. (*See* Doc. 77-3). On January 11, 2022, the Plaintiff filed

suit in Fulton County State Court against UVL and John Doe (the truck driver who was unidentified at the time), and the Defendants removed to this Court on February 14, 2022. The Plaintiff filed an Amended Complaint on April 15, 2022, adding the Defendant Hansen and the Corrigan Defendants as parties to the case. The Defendants now move for summary judgment as to all of the Plaintiff's claims and for sanctions for spoliating essential evidence.

## II.     Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III.    Discussion

The Defendants argue that they are entitled to summary judgment on the Plaintiff's claims because her contradictory testimony does not amount to sufficient evidence of an alleged collision with their truck that would create a

3

genuine dispute of material fact proper for resolution by a trier of fact. (Br. in Supp. of Defs.' Mot. for Summ. J., at 1–2). The Corrigan Defendants separately argue that they are entitled to summary judgment on the Plaintiff's claims because they had no contractual or agency relation to the Defendant Hansen that would impute liability for his alleged negligence. (Br. in Supp. of Corrigan Defs.' Mot. for Summ. J., at 1). The Defendants also move for sanctions against the Plaintiff for spoliating essential evidence (her now-totaled car), seeking dismissal of the case or reimbursement of expert fees for her failure to preserve the vehicle she operated at the time of the incident. (Br. in Supp. of Defs.' Mot. for Sanctions, at 1–2).

The Plaintiff opposes all three motions in response, claiming that her testimony and the photo evidence create a genuine dispute of material fact that rebuts the Defendants' expert testimony and bars summary judgment on all of her claims. (Pl.'s Resp. Br. in Opp'n to Defs.' Mots. for Summ. J., at 4–6). She also contends that summary judgment as to the Corrigan Defendants is improper because the record contains evidence of an agency relationship between them and the Defendant Hansen. (*Id.* at 3–4). Finally, the Plaintiff claims that sanctions are unmerited because the Defendants failed to timely inspect her vehicle after being notified of potential action by her lawyer. (Pl.'s Resp. Br. in Opp'n to Defs.' Mots. for Sanctions, at 3–4). Because the Defendants seek dismissal of the case in their Motion for Sanctions, the Court first addresses their Motion for Sanctions and then considers their Motions for

Summary Judgment.

### A. Sanctions

In the Eleventh Circuit, federal law governs the imposition of spoliation sanctions, but Georgia law informs the inquiry. *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005). District courts maintain broad discretion to impose sanctions for spoliation, but dismissal is the most severe sanction and "should only be exercised where there is a showing of bad faith and where lesser sanctions will not suffice." *Id.*

> In determining whether dismissal is warranted, the court must consider: (1) whether the defendant was prejudiced as a result of the destruction of evidence; (2) whether the prejudice could be cured; (3) the practical importance of the evidence; (4) whether the plaintiff acted in good or bad faith; and (5) the potential for abuse if expert testimony about the evidence was not excluded. As sanctions for spoliation, courts may impose the following: (1) dismissal of the case; (2) exclusion of expert testimony; or (3) a jury instruction on spoliation of evidence which raises a presumption against the spoliator.

*Id.* at 945. Regarding "the fourth factor, Georgia law does not require a showing of malice in order to find bad faith," but in evaluating the fourth factor, "[t]he court should weigh the degree of the spoliator's culpability against the prejudice to the opposing party." *Id.* at 946 (citing *Bridgestone/Firestone N. Am. Tire, LLC v. Campbell*, 258 Ga. App. 767, 770 (2002)).

The Defendants rely primarily on *Flury* in support of their position that dismissal is the proper sanction for the Plaintiff's spoliation of evidence. (Br. in Supp. of Defs.' Mot. for Sanctions, at 18–20). The plaintiff in *Flury* fell asleep

5

at the wheel of his pickup truck on November 9, 1996, and he proceeded to drive off the road and crash into a tree, sustaining injuries. *Flury*, 427 F.3d at 940. He was wearing his seatbelt at the time of the accident, but the truck's airbags did not deploy. *Id.* On November 22, the plaintiff's counsel sent a letter to the defendant-manufacturer, notifying the defendant of the accident and the airbag's nondeployment. *Id.* at 941. The defendant later responded on January 3, 1997, requesting the location of the truck for inspection purposes. *Id.* The plaintiff's counsel never responded to the defendant's request, and the plaintiff's insurer eventually sold the truck for salvage, sometime between six months and a year after the accident. *Id.* at 941–42 n.7. The plaintiff had a series of medical appointments to treat his lower back pain over the next several years, culminating in a surgery for a herniated disk in August 2002. *Id.* at 942. Then, on December 23, 2002, more than six years after then accident (and without any communication between the parties since the January 1997 letter), the plaintiff brought suit against the defendant, alleging that an airbag manufacturing defect caused his injuries. *Id.* at 942 n.8.

Before the case proceeded to trial, the district court in *Flury* denied the defendant's motion seeking dismissal as a sanction for spoliating evidence in selling the truck for salvage before the defendant had a chance to inspect the truck. *Id.* at 942. The district court reasoned that the defendant shared some culpability for the spoliation because it had "several months to follow up on its request to inspect the vehicle" but failed to do so. *Id.* Instead of dismissal, "the

6

[district] court instructed the jury to apply a rebuttable presumption that the evidence not preserved, in this case the vehicle, was unfavorable to the party responsible for spoliation." *Id.* at 942–43. At trial, the jury found in the plaintiff's favor. *Id.* at 943.

On appeal, the Eleventh Circuit ultimately reversed on the ground that "the district court failed to impose meaningful sanctions for [the] plaintiff's spoliation of critical evidence." *Id.* at 940. The court held that no lesser sanction would suffice in the case, considering that the plaintiff was "fully aware" of the defendant's request to inspect the vehicle and that the plaintiff nonetheless allowed the vehicle to be sold for salvage without notifying the defendant of the sale. *Id.* at 945. The court also noted that the "plaintiff should have known that the vehicle, which was the very subject of his lawsuit, needed to be preserved and examined as evidence central to his case." *Id.* Accordingly, the court held that the plaintiff's failure to preserve the truck extremely prejudiced the defendant and thus warranted dismissal as a sanction. *Id.* The court also concluded that the district court's spoliation instruction to the jury during the trial was insufficient to cure the prejudice that resulted to the defendant. *Id.*

Though the present case bears some similarity to the circumstances giving rise to the Eleventh Circuit's dismissal sanction in *Flury*, the Court here cannot conclude that dismissal is a proper sanction. Significantly, the Plaintiff in this case did not fail to respond to a request from the Defendants to inspect the vehicle as the plaintiff in *Flury* did. *See Tesoriero v. Carnival Corp.*, 965

7

F.3d 1170, 1184–85 (11th Cir. 2020) (distinguishing *Flury* on the same grounds). Rather, the Defendant UVL responded to the Plaintiff's letter stating that it would take no action with respect to the claim. (*See* Docs. 77-2, 77-3). The Plaintiff's vehicle was then involved in another collision and was totaled by her insurance company. These factual circumstances warrant a materially different result here. Although the Defendants claim that they are irreparably prejudiced by the totaling of the Plaintiff's car—undoubtedly, a critical piece of evidence—the Plaintiff's culpability here is considerably less extreme than that of the plaintiff in *Flury*. True, the Plaintiff certainly could have more thoroughly documented the damage to her car, rather than taking one photograph, but the Court cannot fault the Plaintiff for continuing to drive her car following the alleged incident. Accordingly, the Court concludes that dismissal is not a proper sanction in the present case.

As an alternative to dismissal, the Defendants seek reimbursement for the fees of their accident reconstruction expert as a spoliation sanction. (Br. in Supp. of Defs.' Mot. for Sanctions, at 20). Although the Defendants have been forced to find replacement evidence in the absence of the Plaintiff's car, the Defendants cite no authority that would justify a sanction of fees for the cost of retaining an expert. Absent such authority, the Court cannot conclude that an award of fees would be appropriate under the circumstances. The Court may consider an adverse inference instruction depending upon the evidence presented at trial.

### B. Summary Judgment

The Court turns next to the Defendants' summary judgment motions, beginning with their motion as to the liability of all Defendants and then as to the liability of the Corrigan Defendants specifically.

#### 1. All Defendants

The Defendants argue that the evidence in the case shows that a collision cannot have happened as the Plaintiff claims it did and therefore that they are entitled to summary judgment on her negligence claims. (Br. in Supp. of Defs.' Mot. for Summ. J., at 16–19). They also argue that the Plaintiff's derivative imputed liability and negligent hiring, retention, training, and supervision claims fail as a matter of law without a valid underlying negligence claim, and that the latter claims fail on independent grounds because the truck driver's recent driving record was clean. (*Id.* at 20–21). Finally, they argue that the Plaintiff's punitive damages claim fails as a matter of law because it lacks a valid underlying claim and because the Plaintiff has not shown willful misconduct or malice. (*Id.* at 22–23). The Plaintiff responds with a half-baked football analogy regarding the Defendants' expert and then argues generally that the Plaintiff's testimony is clear and consistent, and not contradictory. (Pl.'s Resp. Br. in Opp'n to Defs.' Mots. for Summ. J., at 4–6). In reply, the Defendants take issue with the Plaintiff's failure to cite specifically to the record in support of her various factual contentions. (Reply Br. in Supp. of Defs.' Mot. for Summ. J., at 2–3, 5). They contend that her arguments amount

to an attack on her own memory, (*id.* at 5–8), and that her arguments regarding their expert's experience and opinions lack merit. (*Id.* at 9–14).

Construing the evidence in the light most favorable to the Plaintiff, the Court cannot conclude that her testimony is such that summary judgment is warranted on her negligence claims. The Defendants take issue with the Plaintiff's contradictory testimony about whether the truck actually collided with the mirror of her car and the length of time of such a collision. But these types of disputed factual issues are more appropriate for resolution by a trier of fact than by this Court at summary judgment. The report of the Defendants' accident reconstruction expert, Mr. Bryan Hawkins, does not establish as a matter of law that the truck could not have collided with the Plaintiff's vehicle. (Doc. 74-7).

The Defendants rely primarily on *Kesinger ex rel. Estate of Kesinger v. Herrington*, 381 F.3d 1243, 1249 (11th Cir. 2004), in support of their position that the Plaintiff's testimony is contradictory and should therefore be disregarded. (Br. in Supp. of Defs.' Mot. for Summ. J., at 18–19). But the Eleventh Circuit in *Kesinger* discounted the contradictory testimony of the proffered witness, in part, because he signed initial written statements that he knew to be false at the time merely because he wanted the investigating officers to leave. *Kesinger*, 381 F.3d at 1249. Such circumstances are factually distinguishable from the present case where the Plaintiff admits no such thing.

10

Having found genuine issues of material fact bar summary judgment as to the Plaintiff's negligence claims, her derivative imputed liability and negligent hiring, retention, training, and supervision claims do not fail as a matter of law for lacking a viable underlying claim. But the Plaintiff fails to set forth evidence that would create a genuine issue of material fact as to the Defendants' argument that the negligent hiring, retention, training, and supervision and punitive damages claims should be dismissed on independent grounds. (Br. in Supp. of Defs.' Mot. for Summ. J., at 20–23; Reply Br. in Supp. of Defs.' Mot. for Summ. J., at 15). Therefore, summary judgment in favor of the Defendants is proper on those claims.

### 2. Corrigan Defendants

The Court turns next to the separate motion of the Corrigan Defendants, seeking dismissal of all claims against them because they lack a connection to the underlying facts giving rise to the incident. They claim that the Defendant Hansen was not driving for them or under their authority when the incident occurred. (Br. in Supp. of Corrigan Defs.' Mot. for Summ. J., at 1). The Plaintiff notes, in response, that Hansen was operating the truck under a lease between UVL and an entity called "Corrigan Moving Systems." (Pl.'s Resp. Br. in Opp'n to Defs.' Mots. for Summ. J., at 2 (citing Doc. 80-3)). She also argues that an employee of the Defendant Corrigan Moving & Storage Co., Mr. Steve Lee, "undertook a safety function for UVL on this load" and "was supervising Mr. Hansen" at the time of the alleged incident. (*Id.* at 3).

11

The Court agrees that the Plaintiff has failed to carry her burden of presenting affirmative evidence that would create a genuine issue of material fact as to the liability of the Corrigan Defendants; indeed, she "points to no evidence for her assertions" at all. (Reply Br. in Supp. of Corrigan Defs.' Mot. for Summ. J., at 4). The Plaintiff evidently had the chance to substitute the proper Corrigan Illinois entity in the case but declined to do so. (*See id.*; Docs. 84-1, 84-2). Moreover, even if Lee trained and supervised Hansen, as the Corrigan Defendants concede, (Br. in Supp. of Corrigan Defs.' Mot. for Summ. J., at 3), the Plaintiff fails to present any evidence that would create a genuine issue of fact as to whether Lee was negligent in his training or supervision of Hansen. Accordingly, the Court concludes that the Corrigan Defendants are also entitled to summary judgment on the Plaintiff's negligent training and supervision claims and her remaining negligence and imputed liability claims.

## IV. Conclusion

For the foregoing reasons, the Defendants' Motion for Summary Judgment [Doc. 74] is GRANTED in part and DENIED in part; the Corrigan Defendants' Motion for Summary Judgment [Doc. 75] is GRANTED; and the Defendants' Motion for Sanctions [Doc. 76] is DENIED. The Defendants' Motion for Summary Judgment [Doc. 74] is GRANTED as to the Plaintiff's negligent hiring, retention, training, and supervision and punitive damages claims. And it is DENIED as to the Plaintiff's negligence and imputed liability claims.

12

SO ORDERED, this \_\_\_8th\_\_\_ day of August, 2023.

                                                  THOMAS W. THRASH, JR.
                                                  United States District Judge